Davis, J.
A large amount of interesting, but irrelevant, learning is displayed in supporting the contention of the defendants in error. The case, as we apprehend it, lies within narrow bounds.
By section 6438 of the Revised Statutes, the court of common pleas, if it reverse the judgment of the probate court in appropriation proceedings, is required to “retain the cause for trial and final judgment.” In this case the record shows that the court of common pleas, having heard the cause on “the petition in error, the record and proceedings of the probate court and the arguments of counsel,” reversed the judgment, of the probate court and rendered judgment for the costs against the expropriator, The Covington and Cincinnati Bridge Company; and, without further trial, proceeded to render a final judgment dismissing *474 the supplemental and amended petitions and adjudged that the plaintiffs in error, the defendants in error here, go hence without day and recover their costs. To all of this the bridge company, by its attorney, excepted. There was no bill of exceptions taken. Indeed, none was necessary; for the error, if any, plainly appears in the journal entry of the court of common pleas. A reading of the whole of the section of the Revised Statutes referred to, discloses that the “trial” in the court of common pleas must be a jury trial, as in the trial in the probate court. It does not appear that such a trial was had in the common pleas. On the contrary, it appears that the court of common pleas reversed the judgment of the probate court and retained, the case for trial and heard and considered the premises,” that is, upon further consideration of the “petition in error, the record and proceedings of the probate court and the arguments of counsel,” found that there existed no right nor necessity for the appropriation of the interest of the defendants in the described property, and thereupon rendered final judgment. This was a palpable violation of the statute. The case of Railway Co. v. Bailey, 39 Ohio St., 170, does not apply. In that case the court of common pleas reversed the probate court and retained the case for trial and final judgment. It was held that error would not lie to the judgment of reversal because it was not a final judgment. In this case the court did not retain the case for trial, and erroneously proceeded to final judgment. The judgment of reversal and the judgment of dismissal were one and the same.
This error would dispose of the case here; but we will briefly indicate our conclusions on.the vital question involved in the record.
*475 The right of eminent domain is inherent in the sovereignty, and whatever property is required for the public use, whether real or personal, and whatever extent of interest therein, whether tangible or intangible, may be appropriated. These are settled principles of the law. Lewis on Emient Domain, Secs, 262, 262a; 10 Am. and Eng. Ency. Law, 2nd Ed., 1088.
By the constitution of this state, this power is lodged in the legislature under the general grant of legislative power, and the limitations are few and simple, practically none except that the property shall be taken for a public use only, and that compensation shall be made to the owner in money, without deduction for benefits to any property of the owner. In delegating this power the legislature has regard to the purpose for which it is to be exercised. In some cases it may be a mere franchise, a right of way, in other cases the public interest may require ownership in the property. Hence, while the legislative grant should be strictly construed, it should not be technically construed so as to defeat the purpose of the grant. By the statute of Ohio, Revised Statutes, section 3542, a company organized to construct a bridge over the Ohio river is authorized to purchase, or appropriate, and hold such real estate as, in the opinion of the directors, will be required for the site of the bridge, and of suitable avenues or approaches leading thereto. This grant, when fairly construed, confers the power to acquire any interest in real estate, whether an estate in fee simple or a less estate, which in the opinion of the directors will effectuate the purpose of the grant. In fact, it would seem to be the policy of the state that bridge companies “shall own” the banks of the stream over which the bridge is con *476 structed, unless permitted to occupy by a written grant with tbe owner. Such is' tbe law as to bridges wholly within the state. At any rate, Revised Statutes, section 3542, in our opinion, confers the right to acquire and hold whatever interest in real estate is necessary, in the opinion of the directors of the bridge, company, for the site of the bridge, its avenues and approaches. Beyond the question whether the proposed taking is a public use, or not, the necessity of' the appropriation is not a judicial question. Ranney, J., Giesy v. Railway Co., 4 Ohio St., 325. Boom Co. v. Patterson, 98 U. S., 403, 406. Mere physical occupancy of the land may not, in the judgment of the directors, meet all the needs of the company for a site. It may not be desirable to construct the abutments., and approaches of an interstate highway upon a mere leasehold, although the lease may be with the privilege of renewing it forever. The embarrassment of paying rent forever, for the site, may be a good reason for preferring to own the site of the structure, and for not negotiating for and accepting a mere right, to occupy the land on the terms of the owners. It is nearly certain that the company would not deem it. to be a business-like course to construct and maintain a costly bridge upon a leasehold where the lease not. only did not permit a bridge, but required the owner of the bridge to maintain a block of store buildings, over the whole of the described land. Under such circumstances, it is no more than ordinary prudence to endeavor to extinguish the lease and to obtain the complete title to the land by purchase or appropriation of the outstanding interest. Having the right, to acquire the absolute ownership of the property, by purchase or appropriation, if in their judgment it was needed, the directors proceeded strictly according *477 fco law when they proposed- to buy the interest of the defendants and to so complete the title of the company to the land, and upon refusal by the defendants to accept their proposition, in instituting the proceedings to appropriate. The offer by the defendants, in their answer, to waive compliance with the covenants of the lease respecting the kind of structure to be erected and maintained on the land, avails them nothing. It is in effect an attempt to make a new and different contract; and to compel the company to •abide by this waiver, would be to give to the defendants the option, and'to destroy the right of the plaintiffs to appropriate as in the opinion of the directors may be necessary. The finding of the court of common pleas that there is on the part of said corporation no right nor necessity for the appropriation of the interest of the defendants in error in or to the said described property, and the judgment of the same court dismissing the case, as well as the judgment of the circuit court affirming it, are erroneous.
In its present state of mind the court has been unable to agree to affirm the judgment of the probate court. Members of the court, including myself, would affirm the judgment. The case will therefore be remanded to the court of common pleas for trial as provided by law.
For the reasons stated the judgment of the common pleas court, in reversing the judgment of the probate court and dismissing the amended and supplemental petitions herein, and that of the circuit court affirming the judgment of the common pleas court, should be reversed.

Reversed.

Minshall, J., dissents.